retains a continuing security interest in collateral to whose sale the FmHA allegedly consented.* 764 F. 2d 488 (1985). The question presented is whether, under *United States* v. *Kimbell Foods, Inc.*, 440 U. S. 715 (1979), the Eighth Circuit erred in looking to federal regulations rather than state law for the rule of decision.

In *Kimbell Foods* this Court determined that although federal law should determine the priority of liens stemming from federal lending programs, a national rule is not necessary to protect the federal interests underlying the loan programs of the Small Business Administration and FmHA. Thus, we held that "absent a *congressional* directive, the relative priority of private liens and consensual liens arising from these Government lending programs is to be determined under nondiscriminatory state laws." *Id.*, at 740 (emphasis added).

I find it difficult to reconcile the Court of Appeals' decision with *Kimbell Foods*. A federal regulation is not a congressional directive, and although *Kimbell Foods* involves a question of lien priority while the present case concerns the extinguishment of a federal lien, that distinction is tenuous at best.

Besides being in obvious tension with *Kimbell Foods*, the Court of Appeals' decision conflicts with the decision in *United States* v. *Tugwell*, 779 F. 2d 5 (CA4 1985), which holds that under *Kimbell Foods* the question whether a FmHA lien is extinguished upon sale of the collateral must be resolved by looking to state law. I would grant certiorari to resolve this conflict among the Courts of Appeals.

No. 85–757. LANE, DIRECTOR, ILLINOIS DEPARTMENT OF CORRECTIONS, ET AL. *v.* REED. C. A. 7th Cir. Motion of re-

---

*The regulation on which the Eighth Circuit relied is 7 CFR § 1962.18(b) (1985), which at the time the case was decided provided in relevant part:

"When borrowers [from the FmHA] sell security, the sale will be made subject to the FmHA lien. The property and proceeds will remain subject to the lien until the lien is released or the sale is approved by the County Supervisor and the proceeds are used for one or more of the purposes stated in § 1962.17."

This regulation has since been rewritten: 50 Fed. Reg. 45787 (1985) (proposed 7 CFR § 1962.17(a)), which provides that "[w]hen the borrower sells security, the property and proceeds remain subject to the lien until the lien is released by the County Supervisor." This change in wording is immaterial to the issues presented in this case.

spondent for leave to proceed *in forma pauperis* granted. Certiorari denied. ▉▉▉▉▉▉▉▉▉▉▉▉

No. 85–1061. OWENS, SUPERINTENDENT, INDIANA STATE REFORMATORY *v.* RINER. C. A. 7th Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied.

No. 85–785. RIVER ROAD ALLIANCE, INC., ET AL. *v.* CORPS OF ENGINEERS OF THE UNITED STATES ARMY ET AL.; and

No. 85–800. ILLINOIS *v.* CORPS OF ENGINEERS OF THE UNITED STATES ARMY ET AL. C. A. 7th Cir. Certiorari denied. Reported below: 764 F. 2d 445.

JUSTICE WHITE, dissenting.

In 1980, respondent National Marine Service applied to respondent Army Corps of Engineers for a permit to construct a temporary barge-fleeting facility on the Mississippi River. After holding a public hearing on the environmental effects of the proposed facility, the Corps issued a brief "environmental assessment" concluding that the facility would have no significant environmental effects. Based on this conclusion, the Corps determined that it was not required to prepare an Environmental Impact Statement (EIS) on the proposed project, since such an EIS is required by the National Environmental Policy Act (NEPA), 83 Stat. 853, 42 U. S. C. § 4332(2)(C), only for projects that will "significantly affec[t] the quality of the human environment." Thus, the Corps issued the permit sought.

Petitioners, the State of Illinois and others including River Road Alliance, Inc., brought suit in the United States District Court for the Southern District of Illinois, challenging the issuance of the permit and the Corps' underlying finding of no significant environmental effects. On petitioners' motion for summary judgment, the District Court found that "[w]hile paying lip service to [NEPA], the Corps has failed to take the 'hard look' required to support its conclusions, and has failed to document that 'hard look' in the Environmental Assessment . . . ." App. to Pet. for Cert. in No. 85–800, p. 33. Based on this conclusion, the District Court held that the Corps' action was arbitrary and capricious and entered judgment in favor of petitioners.

On appeal, the United States Court of Appeals for the Seventh Circuit reversed. 764 F. 2d 445 (1985). While observing that